## No. 561
### N. Y. C. & St. L. R. CO. v. BIERMACHER
Ohio Appeals, Eighth District, Cuyahoga County
No. 4298. Decided June 25, 1923

**FEDERAL EMPLOYERS' LIABILITY ACT—(1) Application of res ipsa loquitur under this act—(2) Burden of proof under this act—(3) Assumption of risk—PRACTICE (4) Failure of court to send deposition to jury room—(5) To constitute error the alleged error must be clearly prejudicial.**

LEVINE, J.

#### Epitomized Opinion

Biermacher brought an action against the R. R. Company for personal injuries. The plaintiff was injured while engaged as a bridge carpenter and riding on a gas motor car, owned, operated and controlled by the R. R. Company between Cleveland and Mentor, Ohio. While the plaintiff was riding on this car it was derailed. The defendant in its answer admitted that the derailment was caused by a certain pipe falling in front of the motor car. The only evidence of negligence introduced was the fact that the car left the track. The court refused to direct a verdict for the defendant as requested and the trial resulted in a verdict in favor of plaintiff. Whereupon the defendant R. R. Co. prosecuted error, claiming among other things that the doctrine of rees ipsa loquitur did not apply and that the court had committed certain errors in its charge. In sustaining its judgment, the Court of Appeals held:

1. Under the Federal Employers' Liability Act, the doctrine of res ipsa loquitur is applicable only if the accident is such as does not ordinarily happen when those who have the management or control of the instrumentality exercise ordinary care.

2. Even though the doctrine of res ipsa loquitur applies, this does not in any way change the burden of proof that at all times remained in the plaintiff.

3. Under the Federal Employers' Liability Act an employe assumes only the risks ordinarily incidental to his employment and does not assume the risks growing out of the negligence of the R. R. Co. or its employes.

4. Where a deposition contains incompetent evidence, or evidence which is not read during the trial, the deposition need not be sent to the jury.

5. To constitute reversible error for failure to follow a rule of practice, such failure must appear to have operated to the prejudice of the substantial rights of the party requesting a compliance therewith, and as the R. R. Company's rights were not prejudiced in this case, no prejudicial error was committe.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Railroad Company; Anderson, Lamb & Osborn, for Biermacher.

## No. 562
### McINTIRE v. HOLMES
Ohio Appeals, Eighth District, Cuyahoga County
No. 4391. Decided May 21, 1923

This opinion has not been published except in Abstract

**DIVORCE—(1) Appearance under GC. 11287—(2) Special appearance.**

SULLIVAN, J.

#### Epitomized Opinion

This was an appeal from the decision of the Common Pleas Court of Cuyahoga county. McIntire had sought by injunction to restrain Holmes from proceeding to enforce an alimony order by the prosecution of proceedings in contempt for failure to obey the same. McIntire was served by publication and on Oct. 3, 1921, a hearing was had on the divorce case. McIntire was not present at this hearing, but he was represented by counsel. The court rendered a decree against McIntire for a divorce and alimony. Counsel for McIntire requested the judge that the decree be not signed by him until the counsel had had an opportunity to O. K. the same. This request was granted by the court, and thereupon McIntire's lawyer sent a letter to the bailiff advising him of that fact. As McIntire did not pay the alimony, contempt proceedings were started, whereupon McIntire filed his injunction suit. His chief contention was that the court had no jurisdiction to render a decree for alimony. As the Court of Common Pleas held against him on this proposition, he prosecuted an appeal to the Court of Appeals. In Affirming the decree of the lower court, the court held:

1. Under 11287 GC. the defendant in the divorce proceedings, by reason of the communication and the conduct of counsel, deducible therefrom, submitted himself to the judgment of the court, and there was such an appearance as is contemplated by the law.

2. In order to avoid appearing in a legal sense, in a court of law in pending litigation, it is necessary to qualify and define the limits and purposes of such appearance.

Attorneys—Reed, Meals, Orgill & Maschke, for McIntire; Dustin, Merrick, Arter & Stewart, for Holmes.

## No. 563
### STATE ex rel CLEVELAND v. ZANGERLE
Ohio Appeals, Eighth District, Cuyahoga County
No. 4562. Decided July 2, 1923

This opinion has not been published except in Abstract.

**COUNTIES—(1) Liability of county under Sec. 2 of 91 Ohio Laws p. 799—(2) Public improvements under Sec. 3 of 95 Ohio Laws p. 799—(3) Mandamus lies to compel county to pay funds.**

SULLIVAN, J.

#### Epitomized Opinion

This was a petition for a writ of mandamus to compel the County Auditor to draw a warrant upon the County Treasurer for the sum of $2720.96. County Commissioners employed the city to repair the sidewalks surrounding and immediately adjacent to the Soldiers' and Sailors' Monument located on the City Public Square. The legal title to this monument was in Cuyahoga county. The city being properly equipped performed this service, but the county refused to pay the same. A demurrer was filed to the petition which was based upon two grounds: First, that the plaintiff had an adequate remedy at law, and, second, that there was on provision at law by which the county's general funds were in any way liable for the money sued for herein. The trial court sustained the demurrer, whereupon the city prosecuted error. In reversing the decision of the lower court, the Court of Appeals held:

1. Under Sec. 2 of 91 OL. 741, and 95 OL. 799, the county was bound to repair the sidewalks around this monument and is liable for the repair of the same.

2. Under Sec. 3 of the act amended in 95 OL. 799 the rapeir of sidewalks is an improvement to the monument and grounds as well as the monument itself.

3. Under the facts of this case, a mandamus will lie regardless of whether the relator has an adequate remedy at law.

Attorneys—J. Paul Lamb, for State ex rel City of Cleveland; E. C. Stanton, for Zangerle.